UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE WARD,<br><br>                              Plaintiff,<br><br>- against -<br><br>PROMETHEUS GLOBAL MEDIA, LLC,<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jesse Ward ("Ward" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Prometheus Global Media, LLC ("Vibe" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Denise Stewart, owned and registered by Ward, a New York-based photojournalist. Accordingly, Ward seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ward is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 3255 Shore Parkway, #3H, Brooklyn, New York 11235. Ward's photographs have appeared in many publications around the United States.

6. Upon information and belief, Vibe is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 770 Broadway, 15th Floor, New York, New York 10003. At all times material hereto, Vibe has owned and operated a website at the URL:www.vibe.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. On December 7, 2016, Ward photographed Denise Stewart, a then 50-year old Brooklyn grandmother on trial for allegedly assaulting a police officer during her arrest (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Ward then licensed the Photograph to the *New York Daily News* ("Daily News"). On December 7, 2016, the Daily News ran an article that featured the Photograph on its web edition entitled, "EXCLUSIVE: Brooklyn grandma may end up in prison after being dragged naked into public hallway by cops". See http://www.nydailynews.com/new-york/nyc-crime/brooklyn-grandma-faces-jail-dragged-naked-cops-article-1.2902480. Ward's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article featuring the Photograph is attached hereto as Exhibit B.

9. Ward is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA0002025122.

**B.     Defendant's Infringing Activities**

11.     Upon information and belief, on or about December 8, 2016, Vibe ran an article on the Website entitled "A 50-Year-Old Woman Dragged By Cops From Her Home Wearing A Towel Faces Jail Time". See http://www.vibe.com/2016/12/naked-brooklyn-woman-dragged-from-apartment-faces-jail-time/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12.     Vibe did not license the Photograph from Plaintiff for its article, nor did Vibe have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST VIBE)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Vibe infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Vibe is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Vibe have been willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

17. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Vibe be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded either: a) his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6.       Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   Valley Stream, New York
           March 2, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Kamanta C. Kettle
      Kamanta C. Kettle

Richard P. Liebowitz
Kamanta C. Kettle
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone: (516) 233-1660
RL@LiebowitzLawFirm.com
KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Jesse Ward*